IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CASSANDRA EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00932-O-BP |
| | § | |
| WAL-MART, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Cassandra Edwards filed the instant Complaint on November 20, 2017. ECF No. 1. After consideration of the pleading and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Complaint (ECF No. 1) for want of prosecution without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On March 9, 2018, the Court issued a Questionnaire to Plaintiff instructing Plaintiff to return the answers to the Questionnaire regarding her employment discrimination claims by April 16, 2018. ECF No. 11. Plaintiff failed to file her answers to the Questionnaire by the deadline, and the Court *sua sponte* extended Plaintiff's deadline to April 30, 2018. ECF No. 12. Because Plaintiff failed to file her answers on time, the Court, again, *sua sponte* extended Plaintiff's deadline to May 18, 2018, and warned Plaintiff that failure to follow the Court's orders could result in recommending dismissal of this case. ECF No. 13. As of today's date, Plaintiff has not responded to or complied with the Court's orders.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from

the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has been given ample opportunity to complete the Court's Questionnaire. ECF Nos. 11–13. Although Plaintiff has failed to comply with the Court's multiple orders requiring her to do so, subjecting her Complaint to dismissal with prejudice under Rule 41(b) is not warranted here. Because Plaintiff has failed to comply with the Court's orders, the undersigned **RECOMMENDS** that the Complaint (ECF No. 1) be **DISMISSED** for want of prosecution without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 24, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE